[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Statement of Facts
On December 20, 2000 this Court presided over the matter of In re LindaQ. and In re Maryann L. Present in the courtroom were Assistant Attorney General Donald Green, counsel for the Department of Children and Families; Attorney Jeffrey Minnier, counsel for the father Kevin G; Attorney Beth Favale, counsel for the father Patrick L.; Attorney William Kinloch, counsel for the mother; Attorney Joseph Geremia, counsel for the minor children; Attorney Hillary Horrocks, Guardian ad Litem for the minor children; Patrick L., Respondent Father of Maryann L.; and Claudia Williams, social worker for the Department of Children and Families.
Mother and Respondent father Kevin G. were not present in court for any portion of the proceedings.
A. Procedural History
On August 11, 2000 the Department of Children and Families (hereinafter referred to as DCF) filed a neglect petition and sought an order of temporary custody with respect to Linda Q., born on July 1991, and Maryann L., born on March 1995. The bases of the neglect petition were that the children were denied proper care and attention physically, educationally or morally and further that the children were neglected in that they were permitted to live under conditions, circumstances or associations injurious to their well-being. The order of temporary custody was confirmed by agreement on August 18, 2000. CT Page 1830-s
B. Statement of Facts
Based upon the evidence introduced at trial, this court makes the following factual findings:
In August 2000, DCF social workers responded to the Waterbury home of Linda Q. and Mary L. When they arrived, they were admitted into the apartment by one of these small children. Drug paraphernalia was in plain view. The apartment itself was in an unsanitary condition.
The children's mother, Brenda L., is currently addicted to heroin. Additionally, she uses crack cocaine on a regular basis. She is attempting to complete a substance abuse program.
Kevin G. is the father of Linda Q. He has had little contact with the court during the pendency of these proceedings. He does, however, visit the child on a regular basis. He and his daughter have a close relationship. He has attempted to engage in individual counseling and parenting classes.
Patrick L. is the father of Maryann L. Married in 1994, he is currently separated from the child's' mother. He is currently receiving treatment for substance abuse. He also visits his daughter regularly. They also have a close relationship. Mr. Lane has attended individual counseling and parenting classes. He has also sought treatment for his substance addiction.
The children are currently together in a foster home. They have adapted well.
II. Law
A. Adjudication
The state has the burden of proving, by a fair preponderance of the evidence, the operative allegations of its petition. A child may be found "neglected" if that child is being denied proper care and attention physically, educationally, emotionally or morally, or is being permitted to live under conditions circumstances or associations injurious to his well-being. In the present case, DCF has met that burden. The children's exposure to drug paraphernalia and unsanitary living conditions were more than sufficient to establish neglect. CT Page 1830-t
B. Disposition
C.
Having found the children neglected, the court must next determine the best interests of these children. Factors to consider include the length of stay with a nonparent; the nature of the relationship to the non-parent; the degree of contact maintained with the natural parent; and the nature of the relationship with the natural parent. In re JuvenileAppeal, 177 Conn. 648, 663 (1979).
In this case, the court relies heavily upon the fact that the children are currently safe and secure in an environment where their primary caretaker is not under the influence of drugs. These young girls need this security while their parents seek rehabilitation. Therefore, the Court finds that it is in the best interest of both children that they be committed to the Department of Children and Families for a period not to exceed twelve months.
III. Conclusion
The Court finds that the Petitioner has proven by a fair preponderance of the evidence that Linda Q. and Maryann L. were neglected within the criteria of relevant state statutes . . . The Court further finds that it is in their best interest to commit them to the Department of Children and Families for a period of time not to exceed twelve months.
Julia DiCocco Dewey, J.